REL:  February 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

_____

### 2210354

_____

### J.P.

### v.

### Limestone County Department of Human Resources

_____

### 2210368

_____

### A.C.

### v.

### Limestone County Department of Human Resources

### Appeals from Limestone Juvenile Court
### (JU-21-246.01)

On Applications for Rehearing

THOMPSON, Presiding Judge.

2210354 -- APPLICATION OVERRULED.

2210368 -- APPLICATION OVERRULED.

Edwards, Hanson, and Fridy, JJ., concur.

Moore, J., concurs specially, with opinion.

MOORE, Judge, concurring specially.

I concur that the applications for rehearing should be overruled. I write specially to explain why I concurred in the result in the no-opinion order of affirmance issued on original submission.

The record in this case shows that, on October 4, 2021, the Limestone County Department of Human Resources ("DHR") filed a petition against J.P. ("the father") and A.C. ("the mother") alleging that their child, S.P. ("the child"), whose date of birth is September 30, 2021, was a "dependent child," pursuant to Ala. Code 1975, § 12-15-102(8)a.1., a.6., and a.8. The Limestone Juvenile Court ("the juvenile court") conducted an adjudicatory hearing on the petition on January 13, 2022. See Ala. Code 1975, § 12-15-310. On January 18, 2022, the juvenile court entered a judgment finding, among other things, that the child "is a dependent child" and disposing of the issue of the temporary custody of the child. The mother and the father timely appealed from that judgment.

On original submission, both the mother and the father asserted that the finding that the child was a dependent child was not supported by sufficient evidence. On original submission, Presiding Judge

Thompson, pursuant to Rule 53, Ala. R. App. P., issued a no-opinion order of affirmance, affirming the judgment based on a thorough review of the evidence, concluding that the judgment of the juvenile court was supported by clear and convincing evidence. See H.C. v. S.L., 260 So. 3d 884 (Ala. Civ. App. 2018) (holding that a finding of dependency must be supported by clear and convincing evidence). I concurred in the result in that no-opinion order of affirmance because I believed that the issue of the sufficiency of the evidence was not preserved for appellate review.

In K.M. v. S.R., 326 So. 3d 1062 (Ala. Civ. App. 2020), this court, following New Properties, L.L.C. v. Stewart, 905 So. 2d 797, 801-02 (Ala. 2004), unanimously held that, when a juvenile court enters a judgment finding that a child is "dependent" without making specific findings of fact supporting that conclusion, a party aggrieved by the judgment must file a postjudgment motion or otherwise properly raise before that juvenile court the question relating to the sufficiency of the evidence to preserve that issue for appellate review.

In this case, the juvenile court found that the child "is a dependent child" without further elaboration. The juvenile court did not even specify which part of the statutory definition of "dependent child" it had

4

relied upon in reaching its conclusion. As noted, DHR alleged that the child was a dependent child and was in need of care or supervision under alternative theories, including that the child was a child "[w]hose parent[s] ... subject[] the child or any other child in the household to abuse ... or neglect ..., or allows the child to be so subjected," Ala. Code 1975, § 12-15-102(8)a.1.; "[w]hose parent[s] ... [are] unable or unwilling to discharge [their] responsibilities to and for the child," Ala. Code 1975, § 12-15-102(8)a.6.; and "[w]ho, for any other cause, is in need of the care and protection of the state," Ala. Code 1975, § 12-15-102(8)a.8. The juvenile court could have found the child to be dependent on any of those grounds or it could have based its determination on some other ground proven during the adjudicatory hearing. See M.M.S. v. D.W., 735 So. 2d 1230, 1232 (Ala. Civ. App. 1999). Neither the mother nor the father filed a postjudgment motion to clarify the factual or legal basis of the dependency adjudication or to raise a question to the juvenile court as to the sufficiency of the evidence before filing their appeals.

Based on K.M. v. S.R., this court could not, on original submission, review the issue of the sufficiency of the evidence argued by the mother and the father in their appellate briefs. The mother and the father did

5

not make any other argument for reversal of the judgment. Thus, this court had no choice but to affirm the judgment.

On application for rehearing, the mother and the father reiterate their sufficiency-of-the-evidence arguments. I remain convinced that this court cannot consider those arguments based on K.M. v. S.R.